IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABYAGE.COM, INC., | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| v. | ) | |
| LEACHCO, INC., | ) | |
| Defendant-Counterclaim Plaintiff, | ) | No. 3:07-cv-01600-ARC |
| and | ) | (Judge A. Richard Caputo) |
| JAMIE S. LEACH, | ) | (electronically filed) |
| Counterclaim Plaintiff, | ) | |
| v. | ) | |
| JOHN M. KIEFER, JR., | ) | |
| Counterclaim Defendant. | ) | |

**COUNTERCLAIM PLAINTIFFS' BRIEF IN
SUPPORT OF MOTION TO STRIKE**

The Counterclaim Plaintiffs, Leachco, Inc. and Jamie S. Leach, are moving to strike certain insufficient defenses asserted in the reply to counterclaims filed by Counterclaim Defendant Babyage.com, Inc. (Doc. 11).[1]

---

[1]Babyage.com has styled the challenged pleading as an "answer to counterclaims." However, Federal Rule 7(a) requires that such a pleading be denominated as a "reply" to counterclaims. In this Brief, we will use the Rule's "reply" terminology.

1

## A. Background.

This case involves U.S. Patent No. 6,760,934, which covers a contoured support pillow that is designed to follow a woman's natural body curves during pregnancy. The patent is owned by Jamie S. Leach, of Ada, Oklahoma, and is exclusively licensed to Leachco, Inc., a company that Mrs. Leach owns together with her husband. Leachco manufactures baby-related products, as well as adult comfort and maternity pillows, and sells these products through a nationwide network of retailers.

Babyage.com is an Internet retailer of baby-related merchandise based in Wilkes-Barre. It filed this declaratory judgment action seeking a determination that its pregnancy pillows does not infringe the Leachco patent. In response, Mrs. Leach and Leachco counterclaimed, asserting patent infringement by Babyage.com. A second count of the counterclaim charged false advertising by Babyage.com, in violation of 15 U.S.C. § 1125. This count alleges that the Babyage.com web site includes one or more pages that purportedly describe Leachco products, display images of Leachco products, and repeatedly use Leachco trademarks, including "Leachco." However, when customers click on the product links in the Babyage.com "Leachco" web page, they find themselves unknowingly redirected to Babyage.com web pages that offer the products of competitors of Leachco, including the infringing pillows at issue in the patent count of the counterclaim (Doc. 5).

In its reply to the patent counterclaim, Babyage.com alleged virtually every defense that might conceivably be asserted against a claim of patent infringement, including patent invalidity, patent misuse, "anticompetitive behavior," and inequitable

conduct (Doc. 11 at 4-5). These allegations were made in the barest of conclusory terms, with no supporting facts of any kind. We are moving to strike these defenses as insufficient, pursuant to Rule 12(f), Federal Rules of Civil Procedure.

**B.     The Inequitable Conduct Defense Has Not Been Pleaded With the Particularity Required by Rule 9(b).**

Babyage.com's inequitable conduct defense is set out in paragraph 39 of its reply (Doc. 11 at 5): "[the patent] is unenforceable because Leachco and Leach failed to disclose all non-cumulative, material prior art of which they were aware to the Patent Office during prosecution of the patent." No further facts are alleged. This defense should be stricken because it fails to allege fraud with the particularity required by Rule 9(b), Federal Rules of Civil Procedure.

A patent applicant's failure to disclose material information to the Patent & Trademark Office, "when coupled with an deceive or intent to mislead the PTO, constitutes inequitable conduct, which, when proven, renders the patent unenforceable." See *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1233 (Fed. Cir. 2003). Because deceit is an essential element of inequitable conduct, the great majority of courts have held that allegations of inequitable conduct must comply with Rule 9(b), which requires that "the circumstances constituting fraud ... shall be stated with particularity." See *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp.2d 484, 487-88 (D. Del. 2003) (citing cases).

Here, the Babyage.com counterclaim is facially insufficient, because it makes no allegation whatever as to any intent to deceive or mislead. But even if this defect

3

were overlooked, the counterclaim would still fail, because it fails to allege the circumstances of the alleged inequitable conduct with any particularity.

Under Rule 9(b), an allegation of inequitable conduct must be specific enough "so that [the defendants] can defend against the charge and not just deny that they have done anything wrong." See *Chiron Corp. v. Abbott Laboratories*, 156 F.R.D. 219, 222 (N.D. Cal. 1994) (striking inequitable conduct defense). The purpose of this requirement is to prevent "the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble-full of facts." 156 F.R.D. at 221.

To comply with Rule 9(b), a pleader "must at a minimum, state the time, place and content of the false misrepresentation, the fact misrepresented and what was obtained or given up as a consequence of the fraud." See *Pell v. Weinstein*, 759 F.Supp. 1107, 1118 (M.D. Pa. 1991) (internal quotes omitted). When an alleged fraud involves failure to disclose a fact rather than an affirmative misrepresentation, as here, the courts have construed Rule 9(b) to require pleading of the "precise content of the alleged fraudulent ... omissions." See *Sun-Flex Co. v. Softview Computer Products Corp.*, 750 F.Supp. 962, 963 (N.D. Ill. 1990). The allegations of paragraph 39 of the reply fail to satisfy these standards.

Rather than identify any specific item of purportedly withheld material prior art, paragraph 39 instead generally alleges a failure "to disclose **all** non-cumulative, material prior art ..." (emphasis added). This allegation is sweeping enough to include virtually everything in existence prior to the 2003 filing date of the Leach patent application. The pleading provides the Plaintiff with no notice whatever about the

4

allegedly withheld prior art, much less with the particulars required by Rule 9(b). How can Leachco and Mrs. Leach reasonably be expected to defend themselves against such an all-encompassing allegation?

Other courts have stricken vague allegations of inequitable conduct similar to those at issue here. See, *e.g.*, *EMC Corp. v. Storage Technology Corp.*, 921 F.Supp. 1261, 1263 (D.Del. 1996) (striking defense: at a minimum, pleading must identify "the relevant prior art"); *Sun-Flex, supra*, 750 F.Supp. at 963 (striking allegation that patent owner "failed to disclose material facts including prior art, prior inventions and patent application[s]"). Because paragraph 39 identifies no specific prior art, it lacks the particulars required by Rule 9(b), and should be stricken.

**C.    The Patent Invalidity and Misuse Defenses Are Insufficient Under Rule 8(b).**

Babyage.com's patent invalidity defense is set out in paragraph 27 of its reply: "[the patent] is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112" (Doc. 11 at 4). Paragraph 27 is merely a listing of four statutory citations, with no supporting facts of any kind. Babyage.com's pleading of this defense is insufficient under the standards of Rule 8, Federal Rules of Civil Procedure.

The Supreme Court recently clarified the pleading standards of Rule 8 in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955 (2007). The issue before the *Bell Atlantic* Court was the sufficiency of an antitrust complaint under Federal Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In affirming the dismissal of the plaintiff's complaint, the Court

5

ruled that while Rule 8 does not require that a pleading set out "detailed factual allegations," it does require "more than labels and conclusions ... [A] formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise a right to relief above the speculative level ...." 127 S.Ct. at 1964-65. According to the *Bell Atlantic* Court, a pleading must set out "enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974.

While *Bell Atlantic* addresses the sufficiency of a complaint under Rule 8(a), there is every reason to believe that the Court's pleading standards for a complaint apply with equal force to defenses and affirmative defenses. "The general rules of pleading that are applicable to the statement of a claim also govern the statement of affirmative defenses under Rule 8(c)." 5 C. Wright & A. Miller, Federal Practice & Procedure § 1274 at 616 (3rd ed. 2004) (citing cases); *Marine Overseas Services, Inc. v. Crossocean Shipping Co.*, 791 F.2d 1227, 1233 (5th Cir. 1986).[2] *Bell Atlantic* thus governs the sufficiency of defenses pleaded in the Babyage.com reply.

Here, paragraph 27 sets out no facts of any kind, while listing several statutes which might invalidate a patent. But "[a] patent shall be presumed valid." See 35 U.S.C. § 282. Given this presumption, a mere listing of statutory citations cannot possibly demonstrate either that invalidity is factually plausible, or elevate an invalidity defense "above the speculative level." All that Babyage.com has offered here

---

[2]See also *Anticancer Inc. v. Xenogen Corp.*, 2007 WL 2345025 at 4 (S.D. Cal. 2007) ("parties must demonstrate a plausible entitlement to relief in all pleadings, including ... separate affirmative defenses") (copy submitted as Exhibit A).

are the "labels and conclusions" that the *Bell Atlantic* Court found to be insufficient under Rule 8.

In *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532 (S.D. Ala. 2007), the court applied the principles of *Bell Atlantic* to the pleading of invalidity in a patent case. The *Bartronics* court accordingly rejected a patent counterclaim which alleged invalidity in an "entirely conclusory fashion, with no supporting facts of any kind." One of the allegations found insufficient in *Bartronics* is virtually identical to paragraph 27 of the Babyage.com reply: "One or more of the claims of the ... patent are invalid under 35 U.S.C. § 103." 245 F.R.D. at 537.

Just as in *Bartronics*, paragraph 27 is limited to conclusory allegations without supporting facts. Just as *Bell Atlantic*, paragraph 27 does not set out enough facts to establish a defense that is "plausible on its face." The paragraph thus does not provide a sufficient statement of the defense, and should be stricken.

Paragraph 37 of the Babyage.com reply alleges that Leachco and Mrs. Leach have used their patent "to engage in anticompetitive behavior." No further factual detail is provided. This defense is facially defective, because a patent is, by its very nature, anticompetitive: a patent grants its owner the right to prevent competitors from making, using, selling and offering to sell the patented invention. See 35 U.S.C. § 271(a). While ownership and use of a patent may be anticompetitive, it is not unlawful. On the contrary, the Constitution expressly empowers the Congress to promote the progress of science the and useful arts, "by securing for limited Times to

... Inventors the exclusive Right to their ... Discoveries." Article I, section 8, clause 8. The allegations of patent ownership and use in paragraph 37 are not sufficient to a establish a defense that is facially plausible, as *Bell Atlantic* requires. Paragraph 37 should accordingly be stricken as insufficient.

Paragraph 38 of the Babyage.com reply alleges that Leachco and Mrs. Leach have "misused" the patent. While misuse is a defense to a patent infringement claim under some circumstances, paragraph 38 provides no factual support whatever for the legal conclusion of "misuse." Because paragraph 38 offers only "labels and conclusions," it is insufficient under *Bell Atlantic*, and should be stricken.

Paragraph 30 of the Babyage.com reply alleges that Leachco and Mrs. Leach "misused [the patent] to wrongfully engage in anticompetitive activity." Paragraph 30 offers no facts tending to show any anticompetitive activity, aside from ownership and use of the patent itself, which is neither wrongful nor unlawful. Because paragraph 30 does not plead enough facts to establish any defense that is "plausible on its face," as *Bell Atlantic* requires, it should be stricken.

Respectfully submitted,

s/ Gary Peterson
Gary Peterson
OK 7068
211 N. Robinson Ave., Suite 450 South
Oklahoma City, OK  73102
telephone:   (405) 606-3367
fax:              (866) 628-0506
email:         gp@garypeterson.com

Sean V. Kemether
PA 70816
Kelly Grimes Pietrangelo & Vakil, P.C.
P.O. Box 1048
Media, PA  19063-0848
telephone:	610-565-2669
fax:	610-565-0780
email:	skemether@kgpv.com

Attorneys for Counterclaim Plaintiffs

CERTIFICATE OF SERVICE

I certify that I electronically transmitted this document to the Clerk using the ECF System so as to cause transmittal of a Notice of a Electronic Filing to the following ECF registrant:

    Dr. Mitchell A. Smolow

Attorney for Plaintiff and Counterclaim Defendant Babyage.com, on November 28, 2007.


                                <u>s/ Gary Peterson</u>