UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABYAGE.COM, INC., : | |
|     Plaintiff-Counterclaim Defendant : | |
| : | |
|     v. : | CIVIL ACTION NO. |
| : | 3:07-cv-01600-ARC |
| LEACHCO, INC., : | |
|     Defendant-Counterclaim Plaintiff/ : | |
|     Third Party Plaintiff : | Judge A. Richard Caputo |
| : | |
| and : | |
| : | Filed Electronically |
| JAMIE S. LEACH, : | |
|     Counterclaim Plaintiff/ : | |
|     Third Party Plaintiff : | |
| : | |
|     v. : | |
| : | |
| JOHN M. KIEFER, JR., : | |
|     Third Party Defendant : | |

**COUNTERCLAIM DEFENDANT'S BRIEF IN
OPPOSITION TO COUNTERCLAIM PLAINTIFF'S
MOTION TO STRIKE**

Plaintiff/Counterclaim Defendant BabyAge.com, Inc. ("BabyAge") files this brief in opposition to the Motion To Strike filed by Counterclaim Plaintiffs Leachco, Inc. and Jamie S. Leach ("Leachco and Leach").

Procedural History / Statement of Facts

On April 3, 2007, by facsimile, Leachco accused BabyAge of infringing U.S. Patent No. 6,760,934, demanding BabyAge cease and desist selling its Cozy Comfort pillow and pay money damages to Leachco.

BabyAge denied any wrongdoing and through its counsel attempted to explain to Leachco why its Cozy Comfort pillow is non-infringing. When it became apparent that Leachco would not alter its demands, BabyAge filed the present declaratory judgment action. Leachco and Leach counterclaimed adding an additional counterclaim defendant, to which BabyAge filed its Answer.

Leachco and Leach object to paragraphs 27, 30 and 37-39 of the Answer, and after refusing to grant permission for BabyAge to amend its Answer, filed its Motion To Strike.

Argument

I.

F.R.C.P. 8(b) permits a party to state its defenses in short and plain terms. F.R.C.P. 8(e) requires a pleading to be simple concise and direct, subject to the obligations set forth in Rule 11. F.R.C.P. 8(f) states that all pleadings shall be so

construed as to do substantial justice. F.R.C.P. 9(b) states that malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Leachco and Leach rely heavily on Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (2007). By their own admission, Bell Atlantic (an antitrust action) addresses the sufficiency of a complaint, but <u>not</u> that of defenses and affirmative defenses. Leachco/Leach brief, p.6. They are now asking this Court to expand the holding of Bell Atlantic, something neither the Third Circuit nor the Federal Circuit has done. Indeed, Anticancer Inc. v. Xenogen Corp., 2007 WL 2345025 (S.D. Cal. 2007), cited by Leachco/Leach and attached hereto states:

> "There is no specific caselaw, binding or otherwise, applying Bell Atlantic to patent infringement causes of action, and there is still uncertainty as to how exactly the standard should be applied in such a case."

Id. at *5, p.4.

In their argument to strike paragraph 39, Leachco and Leach state:

> "Rather than identify any specific item of purportedly withheld material prior art, paragraph 39 instead generally alleges a failure 'to disclose **all** non-cumulative, material prior art …' (emphasis added). This allegation is sweeping enough to include virtually everything in existence prior to the 2003 filing date of the Leach patent application. … How can Leachco and Mrs. Leach reasonably be expected to defend themselves against such an all-encompassing allegation?"

Leachco/Leach brief, pp. 4-5.

This Court could be misled by Leachco and Leach's emphasizing the word "all" while omitting the limiting language of the paragraph. The complete paragraph reads:

> "U.S. Patent No. 6,760,934 is unenforceable because Leachco and Leach failed to disclose all non-cumulative, material prior art *of which they were aware* to the Patent Office during prosecution of the patent. (emphasis added).

BabyAge has a good faith belief Leachco and/or Ms. Leach <u>knowingly</u> withheld material prior art and will rely on the discovery process to flesh that out.

Leachco and Leach argue that the defenses do not contain sufficient factual information and should be stricken to prevent BabyAge from "launching a fishing expedition." Leachco/Leach brief, p.4. For all practical purposes, Leachco initiated this action when it sent its cease and desist demand. BabyAge should not at this early stage in the litigation be denied the ability to conduct discovery. The Federal civil justice system couples notice pleading with liberal discovery rules. In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1202 (2d ed. 1990)), the Supreme Court stated

> "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court."

Leachco and Leach are asking this Court to impede what the Rules clearly intend. They are free to seek the Court's intervention if and when they feel a specific discovery request in unwarranted. Instead, they are asking this Court to pull a blanket of secrecy over any wrongful conduct.

BabyAge has met the burdens placed on it by the Rules.

II.

Although it believes it has complied with the Rules, BabyAge is seeking in a concurrently filed Motion and brief the Court's leave to amend its Answer as described below. Concurrent with this brief, BabyAge is filing a Motion To Amend Its Answer and an accompanying brief. In its motion, BabyAge is asking this Court to grant leave to amend the following:

Paragraph 27

From:

"U.S. Patent No. 6,760,934 is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112"

-5-

To:

"Upon information and belief, and as will likely by supported by evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,760,934 is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112."

Paragraph 30

From:

"Leachco and Leach have misused U.S. Patent No. 6,760,934 to wrongfully engage in anticompetitive activity."

To:

"Upon information and belief, Leachco and Leach knew or should have known that the design and use of BabyAge's Cozy Comfort pillow does not infringe any of the claims of U.S. Patent No. 6,760,934, and nevertheless brought the counterclaim against BabyAge for the purpose of wrongfully excluding BabyAge from the market for pillows; by initiating and maintaining the counterclaim, Leachco and Leach have engaged in patent misuse and vexatious litigation barring Leachco and Leach from any relief herein.

Paragraph 37

From:

"Leachco and Leach have used U.S. Patent No. 6,760,934 to engage in anticompetitive behavior."

To:

"Upon information and belief, at the behest of and in conspiracy with Babies R Us, its largest customer, Leachco placed anticompetitive price controls on BabyAge as to BabyAge's pricing of Leachco's pillows covered by U.S. Patent No. 6,760,934, and is now refusing without cause to sell pillows covered by U.S. Patent No. 6,760,934 to BabyAge, thereby wrongfully prohibiting competition in the marketplace."

Paragraph 38

In its Motion To Amend, BabyAge will be asking to delete this paragraph as it is redundant with paragraph 30.

Paragraph 39

In its Motion To Amend, BabyAge will be asking to amend paragraph 39 to include the following preamble:

"Upon information and belief, and as will likely by supported by evidence after a reasonable opportunity for further investigation and discovery,".

BabyAge made Leachco and its counsel aware before the filing of the Answer of BabyAge's ongoing investigation into what it believes is illegal pricing policies by Leachco. BabyAge is continuing its investigation. Under the F.R.C.P, BabyAge's declaratory judgment pleading precludes BabyAge from filing a counterclaim to Leach and Leachco's counterclaim as a matter of right. BabyAge anticipates seeking Leachco and Leach's permission to amend the complaint to include counts of anti-trust violations once BabyAge completes its preliminary investigation into what it believes is Leachco's anticompetitive behavior.

<u>III.</u>

The United States Supreme Court has held that leave to file an amended pleading "shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 9 L Ed 2d 222, 83 S Ct 227, 230 (1962).

The Third Circuit has demonstrated a strong liberality in allowing amendments to pleadings. In Boileau v. Bethlehem Steel Corp., 730 F.2d 929 (3d Cir., 1984), the Third Circuit overruled the Trial Court's denial of a Motion to Amend a Complaint. The Third Circuit specifically held that

> "while leave to amend a Complaint under Rule 15 (a) of the Federal Rules of Civil Procedure is generally within the discretion of the Trial Court, courts have shown a strong liberality… in allowing amendments….3 Moore's Federal Practice, §15.08 (2), quoted in Heyl & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981). The leading Supreme Court case on this subject Foman v. Davis, 371 US 178, 182, 83 S. Ct 227, 230, 9 L.Ed. 2d 222 (1962), reflects the general presumption in favor of allowing a party to amend pleadings. The commentaries on Rule 15 amendments support not only a liberal interpretation of this rule, but specifically address the liberal use of Rule 15 to amend Complaints so as to state additional causes of action. *See* Wright & Miller, Federal Practice and Procedure §1474 (1975)."

730 F.2d at 938.

Similarly, the Third Circuit in Bechtel v. Robinson, 886 F.2d 644 (3d Cir., 1989) also held that leave to amend shall be freely given when justice so requires and noted that courts have shown a strong liberality in allowing amendments under Rule 15 (a). Bechtel, 886 F.2d at 652. In Bechtel, the Third Circuit, citing the factors to be used in deciding a Motion to Amend, as promulgated by the Supreme Court in Foman, *supra*, stated that:

> "this court has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment. Cornell & Co., 573 F.2d at 823. But the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely.' *See* Heyl & Patterson Int'l, 663 F.2d at 426 (citing Deakyne v. Comm'rs of Lewes, 416 F.2d 290,300 (3d Cir., 1969))' "

886 F.2d at 652.

The Third Circuit in Bechtel went on to state that in the absence of undue or substantial prejudice, a court must also examine whether denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. In Bechtel, the Third Circuit, having found no evidence to support a denial, concluded that justice required that the appellants be allowed to freely amend their Complaint. The Court specifically stated that:

> "moreover, since the parties were still engaged in initial discovery at the time this amendment was proposed, the amendment will not delay the bringing of this case to trial."

886 F.2d at 653.

In the present action, as in Bechtel, Leachco and Leach will not be prejudiced if the Answer is amended. The parties are in the beginning stages of litigation. Under no circumstances can it be legitimately argued that Leachco and Leach will suffer any prejudice whatsoever.

## CONCLUSION

For the foregoing reasons, BabyAge respectfully requests that this Honorable Court deny Leachco and Leach's Motion To Strike or in the alternative

grant BabyAge leave to amend its Answer pursuant to its Motion To Amend and supporting brief filed concurrently herewith.

        Respectfully Submitted,

        */s/ Mitchell Smolow*

        Mitchell A. Smolow
        PA 80307
        720 Hampton Road
        Shavertown, PA  18708
        570-714-4000 (O)
        570-696-3320 (F)
        msmolow@smolowlaw.com

        Attorney for Plaintiff-Counterclaim Defendant

Date:  December 11, 2007