UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABYAGE.COM, INC., | : | |
|     Plaintiff-Counterclaim Defendant | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-01600-ARC |
| LEACHCO, INC., | : | |
|     Defendant-Counterclaim Plaintiff/ | : | |
|     Third Party Plaintiff | : | Judge A. Richard Caputo |
| | : | |
| and | : | |
| | : | Filed Electronically |
| JAMIE S. LEACH, | : | |
|     Counterclaim Plaintiff/ | : | |
|     Third Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN M. KIEFER, JR., | : | |
|     Third Party Defendant | : | |

**PLAINTIFF / COUNTERCLAIM DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO AMEND ITS ANSWER**

Plaintiff / Counterclaim Defendant BabyAge.com, Inc. ("BabyAge") files this brief in support of its Motion To Amend Its Answer.

Procedural History / Statement of Facts

On April 3, 2007, by facsimile, Leachco, Inc. ("Leachco") accused BabyAge of infringing U.S. Patent No. 6,760,934, demanding BabyAge cease and desist selling its Cozy Comfort pillow and pay money damages to Leachco.

BabyAge denied any wrongdoing and through its counsel attempted to explain to Leachco why its Cozy Comfort pillow is non-infringing. When it became apparent that Leachco would not alter its demands, BabyAge filed the present declaratory judgment action. Leachco and Counterclaim Plaintiff Jamie S. Leach ("Leach") counterclaimed, to which BabyAge filed its Answer.

Leachco and Leach objected to paragraph's 27, 30 and 37-39, and after refusing to grant permission for BabyAge to amend its Answer, filed its Motion To Strike.

In response thereto, BabyAge is seeking leave to amend its Answer.

Argument

I.

BabyAge is asking this Court to grant leave to amend its Answer as follows:

Paragraph 27

From:

"U.S. Patent No. 6,760,934 is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112"

To:

"Upon information and belief, and as will likely by supported by evidence after a reasonable opportunity for further investigation and discovery, U.S. Patent No. 6,760,934 is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112."

Paragraph 30

From:

"Leachco and Leach have misused U.S. Patent No. 6,760,934 to wrongfully engage in anticompetitive activity."

To:

"Upon information and belief, Leachco and Leach knew or should have known that the design and use of BabyAge's Cozy Comfort pillow does not infringe any of the claims of U.S. Patent No. 6,760,934, and nevertheless brought

the counterclaim against BabyAge for the purpose of wrongfully excluding BabyAge from the market for pillows; by initiating and maintaining the counterclaim, Leachco and Leach have engaged in patent misuse and vexatious litigation barring Leachco and Leach from any relief herein.

Paragraph 37

From:

"Leachco and Leach have used U.S. Patent No. 6,760,934 to engage in anticompetitive behavior."

To:

"Upon information and belief, at the behest of and in conspiracy with Babies R Us, its largest customer, Leachco placed anticompetitive price controls on BabyAge as to BabyAge's pricing of Leachco's pillows covered by U.S. Patent No. 6,760,934, and is now refusing without cause to sell pillows covered by U.S. Patent No. 6,760,934 to BabyAge, thereby wrongfully prohibiting competition in the marketplace."

Paragraph 38

In its Motion To Amend, BabyAge will be asking to delete this paragraph as it is redundant with paragraph 30.

Paragraph 39

In its Motion To Amend, BabyAge will be asking to amend paragraph 39 to include the following preamble:

"Upon information and belief, and as will likely by supported by evidence after a reasonable opportunity for further investigation and discovery,".

II.

Both Leachco and its counsel were made aware of BabyAge's ongoing investigation into what it believes is illegal pricing policies by Leachco. The proposed amendment states what Leachco and its counsel already knew. BabyAge is continuing its investigation. Under the F.R.C.P, BabyAge's declaratory judgment pleading precludes BabyAge from filing a counterclaim to Leach and Leachco's counterclaim. BabyAge anticipates seeking Leach and Leachco's permission to amend the complaint to include counts of anti-trust violations once BabyAge completes its preliminary investigation into what it believes is Leachco's anticompetitive behavior.

The United States Supreme Court has held that leave to file an amended pleading "shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 9 L Ed 2d 222, 83 S Ct 227, 230 (1962).

Moreover, the Third Circuit has demonstrated a strong liberality in allowing amendments to pleadings. In Boileau v. Bethlehem Steel Corp., 730 F.2d 929 (3d Cir., 1984), the Third Circuit overruled the Trial Court's denial of a Motion to Amend a Complaint. The Third Circuit specifically held that

> "while leave to amend a Complaint under Rule 15 (a) of the Federal Rules of Civil Procedure is generally within the discretion of the Trial Court, courts have shown a strong liberality… in allowing amendments….3 Moore's Federal Practice, §15.08 (2), quoted in Heyl & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981). The leading Supreme Court case on this subject Foman v. Davis, 371 US 178, 182, 83 S. Ct 227, 230, 9 L.Ed. 2d 222 (1962), reflects the general presumption in favor of allowing a party to amend pleadings. The commentaries on Rule 15 amendments support not only a liberal interpretation of this rule, but specifically address the liberal use of Rule 15 to amend Complaints so as to state additional causes of action. *See* Wright & Miller, Federal Practice and Procedure §1474 (1975)."

730 F.2d at 938.

Similarly, the Third Circuit in Bechtel v. Robinson, 886 F.2d 644 (3d Cir., 1989) also held that leave to amend shall be freely given when justice so requires and noted that courts have shown a strong liberality in allowing amendments under Rule 15 (a). Bechtel, 886 F.2d at 652. In Bechtel, the Third Circuit, citing the factors to be used in deciding a Motion to Amend, as promulgated by the Supreme Court in Foman, *supra*, stated that:

> "this court has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment. Cornell

& Co., 573 F.2d at 823. But the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely.' *See* Heyl & Patterson Int'l, 663 F.2d at 426 (citing Deakyne v. Comm'rs of Lewes, 416 F.2d 290,300 (3d Cir., 1969))' "

886 F.2d at 652.

The Third Circuit in Bechtel went on to state that in the absence of undue or substantial prejudice, one must also examine whether denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. In Bechtel, the Third Circuit, having found no evidence to support a denial, concluded that justice required that the appellants be allowed to freely amend their Complaint which included adding an additional defendant to the action. The Court specifically stated that:

> "moreover, since the parties were still engaged in initial discovery at the time this amendment was proposed, the amendment will not delay the bringing of this case to trial."

886 F.2d at 653.

In the present action, as in Bechtel, Leach and Leachco will not be prejudiced if the Answer is amended. The parties are in the beginning stages of

litigation. Under no circumstances can it be legitimately argued that Leach and Leachco will suffer any prejudice whatsoever.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Honorable Court grant BabyAge leave to amend its Answer.

Respectfully Submitted,

*/s/ Mitchell Smolow*

Mitchell A. Smolow
PA 80307
720 Hampton Road
Shavertown, PA 18708
570-714-4000 (O)
570-696-3320 (F)
msmolow@smolowlaw.com

Attorney for Plaintiff-Counterclaim Defendant

Date: December 11, 2007