IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABYAGE.COM, INC., | ) | |
| Plaintiff-Counterclaim Defendant, | ) | |
| v. | ) | |
| LEACHCO, INC., | ) | |
| Defendant-Counterclaim Plaintiff, | ) | No. 3:07-cv-01600-ARC |
| and | ) | (Judge A. Richard Caputo) |
| JAMIE S. LEACH, | ) | (electronically filed) |
| Counterclaim Plaintiff, | ) | |
| v. | ) | |
| JOHN M. KIEFER, JR., | ) | |
| Counterclaim Defendant. | ) | |

**COUNTERCLAIM PLAINTIFFS' REPLY
BRIEF ON MOTION TO STRIKE**

In its response to the Motion to Strike, Babyage.com first suggests that the pleading requirements of *Bell Atlantic* do not apply to patent cases, citing the *Anticancer* decision. Doc. 15 at 3. This contention is belied by the *Anticancer* decision itself, in which the court concluded that *Bell Atlantic* did indeed apply in patent cases, and dismissed claims similar to those asserted by Babyage.com here.

One of the central concerns articulated by the *Bell Atlantic* Court was the "enormous expense" that antitrust litigation can entail, if it is allowed to proceed into

1

wide-open discovery on the basis of sketchily pled allegations. 127 S.Ct. at 1967. Exactly the same concerns are at issue here: the costs of patent litigation can rival, if not exceed, those of antitrust litigation. For example, in a 2007 economic survey, the American Intellectual Property Law Association reported average legal costs of $546,000 for **one side** of a patent lawsuit, through the close of discovery, in the Philadelphia area. See Exhibit 1. Given the potential litigation costs that are at stake, it is hardly unfair to require that Babyage.com plead enough facts to show that its defenses have a bare minimum of plausibility. Babyage.com has not done so.

Babyage.com next contends that its fraud pleading satisfies Rule 9(b) because it is confined to all non-cumulative, material prior art "of which [Mrs. Leach and Leachco] were aware." Doc. 15 at 3-4. How does this "particular" assist Mrs. Leach and Leachco in defending against the charge? How can they know what Babyage.com will claim they were "aware" of? Since intentional fraud cannot even be committed with regard to **unknown** facts, this supposed "particular" merely restates an element of an inequitable conduct cause of action, while providing no substantive factual details whatever. It is hardly surprising that Babyage.com has been unable to cite any authority that upholds such a pleading under Rule 9(b).

Babyage.com next contends that it has not had enough time to investigate the challenged defenses, and should be allowed to pursue wide-open pretrial discovery to determine whether or not any of them have merit. According to Babyage.com, the reason that it has been pressed for time is because "[f]or all practical purposes, Leachco

2

initiated this action ...." Doc. 15 at 4. We disagree: this lawsuit was filed by Babyage.com, not Leachco.

Having decided to file a lawsuit against Leachco concerning whether the Leachco patent was infringed, Babyage.com knew, or should have known, that such a lawsuit would draw a patent infringement counterclaim from Leachco: such a counterclaim is compulsory under Rule 13(a). See *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). Babyage.com also knew, or should have known, that it would have to be prepared to assert any defenses against such a compulsory counterclaim. Babyage.com should have been aware of all of these realities **before** it ever filed its lawsuit.

If Babyage.com believed that it needed more time to investigate whether the patent was either invalid, misused, or procured by inequitable conduct, then it should have taken the time to conduct that investigation **before** filing its lawsuit. Indeed, Rule 11(b) expressly requires just such a pre-filing investigation for any pleading, including the reply at issue here.

Instead of conducting the pre-filing investigation contemplated by Rules 8, 9 and 11, Babyage.com has instead adopted a "plead first, ask questions later" approach. It asks this Court to allow it to undertake "liberal discovery" in the hope that it might eventually be able find the factual support that it has been unable to provide in the challenged pleading. This is exactly the kind of litigation tactic that the *Bell Atlantic* decision was intended to stop.

Respectfully submitted,

s/ Gary Peterson
Gary Peterson
OK 7068
211 N. Robinson Ave., Suite 450 South
Oklahoma City, OK  73102
telephone:    (405) 606-3367
fax:              (866) 628-0506
email:          gp@garypeterson.com

Sean V. Kemether
PA 70816
Kelly Grimes Pietrangelo & Vakil, P.C.
P.O. Box 1048
Media, PA  19063-0848
telephone:    610-565-2669
fax:              610-565-0780
email:          skemether@kgpv.com

Attorneys for Counterclaim Plaintiffs

# CERTIFICATE OF SERVICE

I certify that I electronically transmitted this document to the Clerk using the ECF System so as to cause transmittal of a Notice of a Electronic Filing to the following ECF registrant:

    Dr. Mitchell A. Smolow

Attorney for Plaintiff and Counterclaim Defendant Babyage.com, on December 19, 2007.

                         s/ Gary Peterson