IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BABYAGE.COM, INC.,

    Plaintiff-Counterclaim Defendant,

v.

LEACHCO, INC.,

    Defendant-Counterclaim Plaintiff,

and

JAMIE S. LEACH,

    Counterclaim Plaintiff,

v.

JOHN M. KIEFER, JR.,

    Counterclaim Defendant.

No. 3:07-cv-01600-ARC

(Judge A. Richard Caputo)

(electronically filed)

**COUNTERCLAIM PLAINTIFFS' BRIEF
IN OPPOSITION TO MOTION TO AMEND**

The Counterclaim Plaintiffs, Leachco, Inc. and Jamie S. Leach, oppose the motion by Babyage.com to amend its reply to their counterclaims (Doc. 16).

Babyage.com has cited extensively to Third Circuit decisional law enforcing Rule 15(a)(2), which directs that leave to amend be freely granted, "when justice so requires." But despite the rule's liberal policy, courts have consistently held that leave need not be granted when the proposed amended pleading would be subject to a successful motion to dismiss and/or strike. See, *e.g.*, *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3rd Cir. 1983). The proposed Babyage.com reply is subject to just such an infirmity.

1

1.  **The Proposed Amended Invalidity Defense Asserts No Facts Demonstrating a Plausible Right to Relief.**

In paragraph 27 of the proposed reply, Babyage.com seeks to amend its patent invalidity defense. Doc. 16-3 at 4. The original defense alleged that the patent was invalid under "35 U.S.C. §§ 101, 102, 103 and/or 112." The proposed amended defense alleges that the patent is invalid "for failure to comply with the conditions and requirements for patentability specified in 35 U.S.C., **including but not limited to** 35 U.S.C. §§ 101, 102, 103 and/or 112." Doc. 16-3 at 4, emphasis added. Such an amendment is not in the interests of justice.

In the brief supporting our pending motion to strike, we have shown why original paragraph 27 failed to comply with Rule 8, as applied in the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. \_\_\_\_, 127 S.Ct. 1955 (2007). Doc. 14 at 5-8. The proposed amendment to paragraph 27 broadens the grounds of invalidity to include, not just four statutes, but the **entire patent code**. Yet the amended paragraph alleges no additional facts of any kind, notwithstanding *Bell Atlantic*'s requirement that sufficient facts be pled to demonstrate a plausible right to relief. 127 S.Ct. at 1974.

While providing no additional facts, the proposed paragraph does assert that the pleading is made "Upon information and belief, and as well likely be supported by evidence after a reasonable opportunity for further investigation and discovery ...." Doc. 16-3 at 4. This "wish and a prayer" does nothing to cure the paragraph's utter lack of factual support. If avoidance of the pleading requirements of Rule 8 were this easy, that rule would be wholly without purpose. Such an outcome is incompatible with the concerns that motivated the *Bell Atlantic* decision.

The invalidity defenses set out in paragraph 27 of the proposed amended pleading merely allege the "labels and conclusions" that the *Bell Atlantic* Court found insufficient. Moreover, the proposed paragraph lacks factual allegations sufficient "to

raise a right to relief above the speculative level ...." 127 S.Ct. at 1965. Because proposed paragraph 27 would be subject to a successful motion to strike, leave to file the proposed amendment should be denied.

2. **The Proposed Amended Inequitable Conduct Defense Includes None of the Factual Particulars Required by Rules 8 and 9(b).**

In paragraph 39 of the proposed reply, Babyage.com seeks to amend its inequitable conduct defense. Doc. 16-3 at 8. The original defense alleged that the patent was unenforceable "because Leachco and Leach failed to disclose all non-cumulative, material prior art of which they were aware to the Patent Office during prosecution of the patent." The proposed amended pleading adds no factual particulars to this allegation. Instead, in the same language used in paragraph 27, Babyage.com has merely added the incantation that the defense is alleged "[u]pon information and belief, and as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery ...." Doc. 16-3 at 8. Such an amendment is not in the interests of justice.

In the brief supporting our pending motion to strike, we have shown why original paragraph 39 failed to comply with Rule 9(b), which requires that fraud be alleged with particularity. Doc. 14 at 2-5. Inequitable conduct is a type of fraud which is subject to Rule 9(b). See *Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F.Supp.2d 484, 487-88 (D. Del. 2003) (citing cases). In order to comply with Rule 9(b), a pleading of inequitable conduct based on withholding of prior art must specify the "precise content of the alleged fraudulent ... omissions." *Sun-Flex Co. v. Softview Computer Products Corp.*, 750 F.Supp. 962, 963 (N.D. Ill. 1990). Neither original nor proposed paragraph 39 include any information, much less "precise content," concerning the allegedly withheld prior art.

Rather than providing the factual particulars required by Rule 9(b), Babyage.com merely proposes to amend paragraph 39 with a proposal for a fishing

expedition into the inequitable conduct issue. But the purpose of Rule 9(b) is to **protect** litigants from such fishing expeditions. See *Chiron Corp. v. Abbott Laboratories*, 156 F.R.D. 219, 221 (N.D. Cal. 1994) ("The purpose of this requirement is to prevent "the launching of a 'fishing expedition,' allowing the accuser to embark on wide-ranging discovery upon a thimble-full of facts"). If Rule 9(b) could be circumvented by merely tacking a request to launch a fishing expedition onto an otherwise insufficient pleading, the protections afforded by the rule would become wholly illusory. Unsurprisingly, Babyage.com has cited no authority upholding such a pleading.

The inequitable conduct defense set out in paragraph 39 of the proposed amended pleading offers nothing more than the "formulaic recitation of the elements of a cause of action" that the *Bell Atlantic* Court found insufficient under Rule 8. 127 S.Ct. at 1965. Moreover, the proposed paragraph lacks the factual particulars that Rule 9(b) requires for a fraud pleading. Because proposed paragraph 39 would be vulnerable to a successful motion to strike, leave to file the proposed amendment should be denied.

**3. The Proposed Conspiracy Defense Fails to Conform to the Pleading Requirements of Bell Atlantic.**

In original paragraph 37, Babyage.com alleged that Leachco and Mrs. Leach had engaged in anticompetitive behavior. Doc. 16-3 at 6. In the proposed amended paragraph, Babyage.com alleges that Leacho "placed anticompetitive price controls on Babyage as to Babyage's pricing of Leachco's pillows covered by [the patent] and is now refusing without cause to sell pillows covered by [the patent], thereby wrongfully prohibiting competition in the marketplace." The proposed pleading further alleges that Leachco took these actions "at the behest of and in conspiracy with Babies R Us, its largest customer ...." Doc. 16-3 at 5-6. In its Brief, Babyage.com advises that it plans

4

to seek leave to plead an antitrust count based on the same allegations. Doc. 15 at 8. These proposed amendments are not in the interests of justice.

The proposed paragraph alleges conduct by Leachco that a patent owner would have the right to engage in unilaterally. For example, a patent owner has the right to refuse to sell his patented product to anyone. See *In re Independent Service Organizations Antitrust Litigation*, 203 F.3d 1322, 1325-28 & n.2 (Fed. Cir. 2000) (rejecting antitrust claim and patent misuse defense based on refusal to sell). A patent owner, like any other manufacturer, also has the right to unilaterally impose resale price restraints, and to refuse to deal with anyone who refuses to honor them. See *United States v. Colgate & Co.*, 250 U. S. 300, 307-08 (1919).[1] There is accordingly nothing inherently unlawful about any of the purported **conduct** by Leacho alleged in the paragraph.

The paragraph further alleges that Leachco engaged in the challenged conduct "at the behest of and in conspiracy with Babies R Us," a Leachco customer and retail competitor of Babyage.com. With regard to the "behest of" component of the pleading, a manufacturer's unilateral price restraints do not become unlawful merely because some retailer urged that they be imposed. See *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 764 (1984) ("To bar a manufacturer from acting solely because the information upon which it acts originated as a price complaint would create an irrational dislocation in the market"). There is accordingly nothing inherently unlawful about a manufacturer's vertical price restraint or refusal to deal "at the behest of" another retailer.

---

[1] Indeed, in *Leegin Leather Creative Products, Inc. v. PSKS, Inc.*, 551 U.S. ___, 127 S.Ct. 2705 (2007), the Supreme Court extended the rule of *Colgate*, which involved unilateral price restraints, to include resale price restraints that are the result of joint agreement. Such restraints are now presumptively reasonable, rather than *per se* unlawful.

5

The sole remaining allegation in the proposed paragraph is that Leachco imposed vertical price restraints and refused to deal as a result of a "conspiracy" with Babies R Us. The paragraph offers no additional facts about this supposed conspiracy. Moreover, as discussed above, those facts that are pleaded are completely consistent with lawful unilateral action on Leachco's part. While Babyage.com has used the term "conspiracy" to characterize Leachco's actions, that legal conclusion does nothing to show that a conspiracy was factually plausible.

Proposed paragraph 37 is virtually indistinguishable from the pleading before the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007). Much as here, the plaintiffs' complaint in *Bell Atlantic* alleged various actions by the defendants that were consistent with lawful business behavior: "a wide swath of rational and competitive business strategy unilaterally prompted ....". 127 S.Ct. at 1964. Also as here, the plaintiffs added conclusory allegation that the defendants had engaged in a "contract, combination or conspiracy." 127 S.Ct. at 1963. The *Bell Atlantic* Court disregarded the complaint's conclusory references to "conspiracy" as "mere ... legal conclusions." 127 S.Ct. at 1970. Finding that the plaintiffs had failed to state a claim that was "plausible on its face," the *Bell Atlantic* found that the complaint failed to satisfy Rule 8. 127 S.Ct. at 1974. The same conclusion is called for here.

The misuse/antitrust defense set out in paragraph 37 of the proposed amended pleading offers only the bare legal conclusion of a conspiracy, coupled with factual allegations that are wholly consistent with the lawful unilateral actions by a patent owner. Because the pleading makes no facially plausible allegations of a conspiracy, it is insufficient under *Bell Atlantic*. Because proposed paragraph 37 would be vulnerable to a successful motion to strike, leave to file the proposed amendment should be denied.

**4.      The Proposed Vexatious Litigation Defense Is Sufficiently Pleaded.**

The final component of the proposed amended pleading is found in paragraph 30. Babyage.com seeks to amend the paragraph to allege that Leachco is prosecuting sham litigation by asserting its patent infringement counterclaim. Doc. 16-3 at 4-5. While this defense is without factual basis, it has been sufficiently pleaded. We accordingly do not oppose the motion to amend insofar as it seeks to allege proposed paragraph 30. However, as outlined above, leave to file the balance of the proposed amendments should be denied.

Respectfully submitted,

s/ Gary Peterson
Gary Peterson
OK 7068
211 N. Robinson Ave., Suite 450 South
Oklahoma City, OK  73102
telephone:    (405) 606-3367
fax:                (866) 628-0506
email:            gp@garypeterson.com

Sean V. Kemether
PA 70816
Kelly Grimes Pietrangelo & Vakil, P.C.
P.O. Box 1048
Media, PA  19063-0848
telephone:   610-565-2669
fax:               610-565-0780
email:           skemether@kgpv.com

Attorneys for Counterclaim Plaintiffs

# CERTIFICATE OF SERVICE

I certify that I electronically transmitted this document to the Clerk using the ECF System so as to cause transmittal of a Notice of a Electronic Filing to the following ECF registrant:

    Dr. Mitchell A. Smolow

Attorney for Plaintiff and Counterclaim Defendant Babyage.com, on December 19, 2007.


                      <u>s/ Gary Peterson</u>