IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABYAGE.COM, INC., : | |
| : | |
| Plaintiff-Counterclaim Def., : | CIVIL ACTION NO. 3:CV-07-1600 |
| : | |
| v. : | |
| : | (JUDGE CAPUTO) |
| LEACHO, INC., : | |
| : | |
| Defendant-Counterclaim : | |
| Plaintiff/Third Party Plaintiff, : | |
| : | |
| and : | |
| : | |
| JAMIE S. LEACH, : | |
| : | |
| Counterclaim Plaintiff/ Third : | |
| Party Plaintiff, : | |
| : | |
| v. : | |
| : | |
| JOHN M. KIEFER, JR., : | |
| : | |
| Third Party Defendant : | |

## ORDER

**NOW,** this 12th day of February, 2008, upon consideration of Plaintiff/ Counterclaim Defendant's Motion to Amend Its Answer (Doc. 16), Counterclaim Plaintiffs' Motion to Strike (Doc. 13), and the briefs in support thereof and in opposition thereto, IT IS HEREBY ORDERED:

1. Plaintiff/Counterclaim Defendant's Motion to Amend its Answer is GRANTED in part and DENIED in part as follows:

a) Paragraph 27 of the Proposed Amended Pleading fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007). "[A] short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). If there is information and belief that a defense would exist, then the pleading should say what it is that information and belief generates so as to constitute a defense. The opposition is entitled to know what the basis for the defense is. Paragraph 27 of the Proposed Amended Pleading is therefore disallowed and the motion to add this paragraph is DENIED.

b) Paragraph 30 is allowed, and the motion to add it is GRANTED.

c) Paragraph 37 is allowed, and the motion to add it is GRANTED.

d) Paragraph 38 seeks to allege inequitable conduct, and as such, is subject to Rule 9(b) of the Federal Rules of Civil Procedure. *See Broadcom Corp. v. Qualcomm Corp.*, 501 F.3d 297, 315 n. 9 (3d Cir. 2007) *(*citing *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007)) (noting that claims for inequitable conduct before the United States Patent and Trademark Office must be pled with particularity). This requires the allegation of the specific fraudulent conduct. *See Pell v. Weinstein*, 759 F. Supp. 1107, 1118 (M.D. Pa. 1991). The proposed pleading fails to do so. Therefore, Paragraph 38 is disallowed, and the motion to add it is DENIED.

2. Counterclaim Plaintiffs' Motion to Strike is GRANTED in part, and DENIED in part as MOOT as follows:

    a) Paragraph 27 fails to satisfy Rule 8 of the Federal Rules of Civil Procedure in that it alleges no concrete grounds for the invalidity of the Patent. The motion to strike Paragraph 27 is GRANTED.

    b) The motion to strike as to Paragraph 30 is MOOT.

    c) The motion to strike as to Paragraph 37 is MOOT.

    d) The motion to strike as to Paragraph 38 is MOOT as the Amended Pleading does not contain a "misuse" defense.

    e) Paragraph 39 seeks to allege inequitable conduct and fails for the same reasons noted in Paragraph 1(d) of this Order. Therefore, the motion to strike Paragraph 39 is GRANTED.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge