UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABYAGE.COM, INC., <br>     Plaintiff-Counterclaim Defendant <br><br> v. <br><br> LEACHCO, INC., <br>     Defendant-Counterclaim Plaintiff/ <br>     Third Party Plaintiff <br><br> and <br><br> JAMIE S. LEACH, <br>     Counterclaim Plaintiff/ <br>     Third Party Plaintiff <br><br> v. <br><br> JOHN M. KIEFER, JR., <br>     Third Party Defendant/ <br>     Counterclaim Plaintiff | CIVIL ACTION NO. <br> 3:07-cv-01600-ARC <br><br> Judge A. Richard Caputo <br><br> Filed Electronically |

**PLAINTIFF-COUNTERCLAIM DEFENDANT'S BRIEF
IN SUPPORT OF MOTION TO AMEND COMPLAINT**

Plaintiff-Counterclaim Defendant, BabyAge.com, Inc. ("BabyAge"), files this Brief in Support of its Motion to Amend Complaint.

I. **Statement of Facts**

On April 3, 2007, by facsimile, Defendant-Counterclaim Plaintiff/Third Party Plaintiff, Leachco, Inc. ("Leachco"), accused BabyAge of infringing U.S. Patent No. 6,760,934, demanding BabyAge cease and desist selling its Cozy Comfort pillow and pay money damages to Leachco. BabyAge denied any wrongdoing and through its patent counsel attempted to explain to Leachco why its Cozy Comfort pillow is non-infringing.

When it became apparent that Leachco would not alter its demands, BabyAge filed a Complaint for Declaratory Judgment against Leachco on August 30, 2007. Leachco and

Counterclaim Plaintiff/Third Party Plaintiff, Jamie S. Leach ("Leach") counterclaimed, adding Counterclaim Defendant, John M. Kiefer, Jr. ("Kiefer"), to the action. BabyAge and Kiefer filed timely answers to the Counterclaims.

Throughout the litigation, BabyAge has been conducting an ongoing investigation into what it believes are illegal pricing policies of Leachco. Both Leachco and its counsel were made aware of BabyAge's ongoing investigation of Leachco's illegal pricing policies. BabyAge now wishes to amend its Complaint to include counts of anti-trust violations with respect to Leachco's anti-competitive behavior.

## II. Argument

The United States Supreme Court has held that leave to file an amended pleading "shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962).

Moreover, the Third Circuit has demonstrated a strong liberality in allowing amendments to pleadings. In Boileau v. Bethlehem Steel Corp., 730 F.2d 929 (3d Cir., 1984), the Third Circuit overruled the Trial Court's denial of a Motion to Amend a Complaint. The Third Circuit specifically held that

> "while leave to amend a Complaint under Rule 15 (a) of the Federal Rules of Civil Procedure is generally within the discretion of the Trial Court, courts have shown a strong liberality... in allowing amendments....3 Moore's Federal Practice, § 15.08 (2), quoted in Heyl & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981). The leading Supreme Court case on this subject Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed. 2d 222 (1962), reflects the general presumption in favor of allowing a party to amend pleadings. The commentaries on Rule 15 amendments support not only a liberal interpretation of this rule, but specifically address the liberal use of Rule 15 to amend Complaints so as to state additional causes of action. See Wright & Miller, Federal Practice and Procedure § 1474 (1975)."

730 F.2d at 938.

Similarly, the Third Circuit in Bechtel v. Robinson, 886 F.2d 644 (3d Cir., 1989) also held that leave to amend shall be freely given when justice so requires and noted that courts have shown a strong liberality in allowing amendments under Rule 15 (a). Bechtel, 886 F.2d at 652. In Bechtel, the Third Circuit, citing the factors to be used in deciding a Motion to Amend, as promulgated by the Supreme Court in Foman, supra, stated that:

> "this court has interpreted these factors to emphasize that 'prejudice to the non-moving party is the touchstone for the denial of the amendment. Cornell & Co., 573 F.2d at 823. But the non-moving party must do more than merely claim prejudice; 'it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the…amendments been timely.' See Heyl & Patterson Int'l, 663 F.2d at 426 (citing Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir., 1969)).' "

886 F.2d at 652.

The Third Circuit in Bechtel went on to state that in the absence of undue or substantial prejudice, one must also examine whether denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed, or futility of amendment. In Bechtel, the Third Circuit, having found no evidence to support a denial, concluded that justice required that the appellants be allowed to freely amend their Complaint which included adding an additional defendant to the action. The Court specifically stated that:

> "moreover, since the parties were still engaged in initial discovery at the time this amendment was proposed, the amendment will not delay the bringing of this case to trial."

886 F.2d at 653.

In the present action, as in Bechtel, neither Leach nor Leachco will be prejudiced if the Complaint is amended. The parties are in the beginning stages of litigation. Under no

circumstances can it be legitimately argued that Leach or Leachco will suffer any prejudice whatsoever.

### III. Conclusion

For the foregoing reasons, it is respectfully requested that this Honorable Court grant BabyAge leave to amend its Complaint.

Respectfully submitted,

Date: March 4, 2008

/s/ Andrew J. Katsock, III, Esquire
ANDREW J. KATSOCK, III, ESQUIRE
Attorney I.D. 59011
Attorney for Plaintiff-Counterclaim Defendant,
BabyAge.com, Inc.

15 Sunrise Drive
Wilkes-Barre, PA 18705
Telephone & Facsimile No.: (570) 829-5884