IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOLORES SEACRIST v. GREGORY A. SKREPENAK, ET AL. | : CIVIL ACTION NO. 3:07-CV-2116 |
| COLGATE-PALMOLIVE COMPANY v. TANDEN INDUSTRIES, ET AL. | : CIVIL ACTION NO. 3:07-CV-1709 |
| BABYAGE.com, INC. v. LEACHCO, INC. | : CIVIL ACTION NO. 3:07-CV-1600 |
| DAVID DAVIDSON v. OFFICER MICHAEL LYDON, ET AL. | : CIVIL ACTION NO. 3:07-CV-1991 |

## ORDER

1. The above captioned cases have been listed for Case Management Conferences to be held with counsel in my chambers, **Suite 235, Max Rosenn United States Courthouse, 197 South Main Street, Wilkes-Barre, Pennsylvania**.

2. The conferences shall be held on **May 20, 2008**, as follows:

```
3:CV-07-2116      10:00 A.M.
3:CV-07-1709       1:30 P.M.
3:CV-07-1600       2:30 P.M.
3:CV-07-1991       3:30 P.M.
```

3. The purpose of this conference is to discuss all aspects of the case including possible simplification of issues, a schedule for the completion of discovery, amendment of pleadings, joinder of parties, filing of motions and trial. It is anticipated that discovery has been initiated and will be pursued with dispatch, including compliance with Fed.R.Civ.P. 26(a), so that a reasonable dis-

cussion of the merits will take place during the conference, as well as the agreement upon a realistic trial schedule. The subjects for consideration at the Case Management Conference will also include those matters set forth in Fed.R.Civ.P. 16(b) and (c).

4. In accordance with Fed.R.Civ.P. 26(f) and Local Rule 16.3, lead counsel for each party shall, as soon as practicable, and in any event at least five (5) days prior to the Case Management Conference, meet and discuss in good faith the matters set forth in the Joint Case Management Plan, a copy of which is included in the local rules of court and may be obtained from the Clerk's office. The completed Joint Case Management Plan must be filed at least five (5) days prior to the Case Management Conference. Sanctions may be imposed if a party or a party's attorney fails to participate in good faith in the conference required by Fed.R.Civ.P. 26(f) and Local Rule 16.3(a). (See, e.g., Fed.R.Civ.P. 37(g)).

5. If the parties agree to refer this matter to a Magistrate Judge for Pre-Trial and Trial purposes, they should notify the Court in writing no later than three (3) days before the scheduled Case Management Conference, and the conference will be canceled. The case will then be referred to a Magistrate Judge who will reschedule the Case Management Conference. In accordance with Fed.R.Civ.P. 16(c) and Local Rule 16.2, at least one (1) of the attorneys for each party participating in the Case Management Conference shall be familiar with the case; shall have authority to enter into stipulations and to make admissions regarding all matters that the parties reasonably anticipate may be dis-

cussed; and shall have complete settlement authority. If an attorney does not have complete settlement authority, the party or person with full settlement authority shall be available by telephone. Counsel is responsible for notifying the person with settlement authority of the requirements of Local Rule 16.2 as well as the date of the Case Management Conference.

      6. Counsel should be familiar with the Expense and Delay Reduction Plan adopted by the United States District Court for the Middle District of Pennsylvania, and are expected to comport themselves in a manner intended to secure the just, speedy and inexpensive determination of this action.

      7. No document may be faxed to chambers or to the clerk's office. The Court will take no action based on facsimile documents.

      8. The Court will take no action based on correspondence. Counsel must adhere to the motion practice set forth in the rules.

Date: May 8, 2008

A. Richard Caputo
United States District Judge