UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABYAGE.COM, INC., | |
|     Plaintiff-Counterclaim Defendant | CIVIL ACTION NO. 3:07-CV-01600-ARC |
| v. | |
| LEACHCO, INC., | Judge A. Richard Caputo |
|     Defendant-Counterclaim Plaintiff/<br>    Third Party Plaintiff | Filed Electronically |
| and | |
| JAMIE S. LEACH, | |
|     Counterclaim Plaintiff/<br>    Third Party Plaintiff | |
| v. | |
| JOHN M. KIEFER, JR., | |
|     Third Party Defendant | |

## JOINT CASE MANAGEMENT PLAN

-+-     **Instructions**: In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

    No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

    Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

    1.10        Separately for each party, please give a statement summarizing this case:

    By plaintiff(s):  Plaintiff, BabyAge.com, Inc. ("BabyAge"), is an on-line retailer of pregnancy, baby, infant and toddler products.  Defendant, Leachco, Inc. ("Leachco"), is a manufacturer of pregnancy and baby products.  By letter dated April 3, 2007, Leachco's counsel delivered to BabyAge a letter accusing BabyAge's Cozy Comfort pillow of infringing the U.S. Patent No. 6,760,934 ('934 patent) and an unqualified demand that BabyAge cease selling its Cozy Comfort pillow and pay Leachco unspecified damages.
    BabyAge categorically denies that its Cozy Comfort pillow infringes the '934 patent.  The Cozy Comfort pillow is in the form of a rectangle, with legs that extend straight downward and a top portion that extends straight across.  The Cozy Comfort pillow does not have a semi-circular

crown as required by the '934 patent. The Cozy Comfort pillow does not have legs that extend downwardly and outwardly divergently away from the crown as required by the '934 patent. BabyAge filed the instant action for a declaratory judgment requesting the Court to rule that the Cozy Comfort pillow does not infringe the '934 patent and that the '934 patent is invalid.

   Leachco has filed Counterclaims alleging that BabyAge has infringed the '934 patent and also that BabyAge has infringed its "Leachco" trademark. Specifically, Leachco has averred that BabyAge's webpages describe Leachco products, show images of Leachco products, and include multiple usages of Leachco trademarks, including "Leachco". Links within the purported Leachco product descriptions on BabyAge's webpages bring up other webpages which offer to sell the products of competitors of Leachco, including products manufactured at the instance of BabyAge. As a result, Leachco has alleged that BabyAge's webpages cause confusion, cause mistake, and deceive as to the affiliation, connection and association of BabyAge with Leachco.

By defendant(s):

   This case involves U.S. Patent No. 6,760,934, which covers a contoured support pillow that is designed to follow a woman's natural body curves during pregnancy. The patent is owned by Jamie S. Leach, of Ada, Oklahoma, and is exclusively licensed to Leachco, Inc., a company that Mrs. Leach owns together with her husband. Leachco manufactures baby-related products, as well as adult comfort and maternity pillows, and sells these products through a nationwide network of retailers.

   BabyAge.com filed this declaratory judgment action seeking a determination that its pregnancy pillows does not infringe the Leachco patent. In response, Mrs. Leach and Leachco counterclaimed, asserting patent infringement by BabyAge.com and its President, John M. Kiefer, Jr. A second count of the counterclaim charged false advertising by BabyAge.com, in violation of 15 U.S.C. § 1125. This count alleges that the BabyAge.com web site includes one or more pages that purportedly describe Leachco products, display images of Leachco products, and repeatedly use Leachco trademarks, including "Leachco." However, when customers click on the product links in the BabyAge.com "Leachco" web page, they find themselves unknowingly redirected to BabyAge.com web pages that offer the products of competitors of Leachco, including the infringing pillows at issue in the patent count of the counterclaim.

   The principal **factual** issues that the parties **dispute** are:

1.11 Whether BabyAge's webpages display non-Leachco products when the product links on the "Leachco" page of that site are clicked?

1.12 Whether BabyAge has infringed the '934 patent, either literally or under the doctrine of equivalents? (Leachco contends this issue is factual, BabyAge contends it is legal)

1.13 Whether BabyAge has infringed Leachco's trademark? (Leachco contends this issue is factual, BabyAge contends it is legal)

1.14 Whether Leachco is entitled to any damages?

1.15 Whether John M. Kiefer, Jr. has actively induced infringement of the '934 patent? (Leachco contends this issue is factual, BabyAge contends it is legal)

1.16 Whether any patent and/or trademark infringement by BabyAge or John M. Kiefer, Jr. has been willful?

**agree** upon are:

1.21   BabyAge markets the Cozy Comfort pillow.

1.22   BabyAge's webpages display Leachco products which BabyAge sells.

The principal **legal** issues that the parties **dispute** are:

1.31   Whether BabyAge infringes the '934 patent?  (BabyAge contends this issue is legal, Leachco contends it is factual)

1.32   Whether BabyAge infringes Leachco's trademark?  (BabyAge contends this issue is legal, Leachco contends it is factual)

1.33   Whether BabyAge and/or Leachco is entitled to attorney's fees and costs?

1.34   Whether BabyAge's outside counsel can testify as to claim construction at the Markman hearing?

**agree** upon:

1.40   None.

1.50   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.60   Identify any named parties that have not yet been served:

None.

1.70   Identify any additional parties that:

plaintiff(s) intends to join:

None.

defendant(s) intends to join:

Possibly the manufacturer of the Cozy Comfort pillow (not yet identified by BabyAge)

1.80   Identify any additional claims that:

plaintiff(s) intends to add:

None.

defendant(s) intends to add:

None.

**2.0 Alternative Dispute Resolution ("ADR")**

2.10 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR Procedure: Not applicable.

Date ADR to be commenced: Not applicable.

Date ADR to be completed: Not applicable.

2.20 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

The parties agree that an ADR procedure may be appropriate, but disagree about which one. Plaintiff recommends court-annexed mediation. Defendant recommends the settlement officer program.

2.30 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view.

Not applicable.

**3.0 Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. Section 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying either to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: ___yes X no

**4.0 Disclosures**

4.100 Separately for each party, list by name and title/position each person whose identity has been disclosed.

4.101 Disclosed by Plaintiff.

| Name | Title/Position |
| --- | --- |
| 4.102 John M. Kiefer, Jr. | President |
| 4.103 Jacob Weiss | Vice President |
| 4.104 Dr. Mitchell A. Smolow | Counsel |
| 4.105 To Be Determined | Former Patent Examiner |

4.151 Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| 4.152 Jamie S. Leach | Vice President |
| 4.153 Clyde E. Leach | President and CEO |
| 4.154 Stephen C. Ballard | Chief Financial Officer |
| 4.155 John M. Kiefer, Jr. | President, BabyAge.com |
| 4.155 Mary M. Lee | Lawyer |

4.200 Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    None.

4.201 Categories of documents disclosed by Plaintiff:

    4.202 None at this time.

4.251 Categories of document disclosed by Defendant:

    4.252 Correspondence and other written communications between Leachco and its counsel and BabyAge and its counsel.

    4.253 printouts of web pages and images on BabyAge.com web site.

    4.254 Copy of U.S. Patent No. 6,760,934 and its Patent & Trademark Office prosecution history, including copies of cited prior art.

    4.255 Video files illustrating the BabyAge.com web site.

    4.256 Folders containing saved html files and images from BabyAge.com web site.

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents.

4.301 Additional categories of documents Plaintiff will disclose:

    4.302 None at this time.

4.351 Additional categories of documents Defendant will disclose:

    4.352 Specimens of Leachco Back'n'Belly pillow and Today's Mom Cozy Comfort pillow (to be made available at lead counsel's office upon request).

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401   Plaintiff's calculation of damages:

The costs of this action, together with attorney's fees;

4.402   Defendant's calculation of damages.

Damages cannot be calculated at this time because Plaintiff has not yet disclosed the product sales data required for such a calculation.

4.403   Counterclaimant/third party claimant's calculation of damages:

Damages cannot be calculated at this time because Plaintiff has not yet disclosed the product sales data required for such a calculation.

**5.0   Motions**

Identify any motions(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

BabyAge will request a <u>Markman</u> hearing. Leachco does not oppose an early <u>Markman</u> claim construction ruling, but believes that the technology at issue (pillows) would permit such a ruling on the parties' written submissions, with no need for either a hearing or expert testimony.

Early motion for summary judgment and/or judgment on the pleadings by Leachco on the legal and factual sufficiency of BabyAge's pending patent misuse defense based on an alleged resale price maintenance conspiracy between Leachco and Babies R Us. When Leachco previously filed a motion to dismiss a Babyage antitrust claim based on the same resale price maintenance allegations, Babyage immediately withdrew the claim, rather than respond to the dismissal motion.

Early motion for judgment on the pleadings by Leachco with regard to Babyage's renewed claim of patent invalidity, which alleges no supporting facts. The Court previously refused to allow Babyage to assert any patent invalidity defenses in a proposed amended pleading because of the same failure to allege any supporting facts.

Early motion for summary judgment and/or judgment on the pleadings by Leachco on the legal and factual sufficiency of BabyAge's defense based on vexatious/sham litigation.

**6.0   Discovery**

6.100  Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):       None at this time.

By defendant(s):    Initial Disclosures (including documents and other records), Interrogatories and Requests for Production have been served.

6.200  Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

> BabyAge will depose Jamie S. Leach.
>
> BabyAge will depose Clyde E. Leach.
>
> BabyAge will request all documents related to the conception, design and advertising of Leachco's pillow.
>
> BabyAge will request all documents related to the use of Leachco's trademarks.
>
> BabyAge reserves the right to supplement its discovery requests, including oral depositions and written discovery.
>
> Defendant will be depose John M. Kiefer, Jr., and any other more knowledgeable official of BabyAge.com, with regard to the structure of the accused pillow and the circumstances surrounding its design and development, the sales and marketing of the accused pillow, including the extent of such sales, knowledge on the part of BabyAge and its officials concerning U.S. Patent No. 6,760,934 and the invention disclosed therein, the contents and design of the accused portions of BabyAge.com web site, and the past and present business relationships between Leachco and BabyAge.com. Defendant has served interrogatories and requests for production seeking the same categories of information.
>
> Inasmuch as BabyAge has claimed in its pleadings that it will rely on advice of counsel in this proceeding (e.g., Doc. 54, paragraph 28), Defendant will depose such counsel concerning the specifics of their advice and its foundation.

6.300 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

> None at this time.

6.400 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

> Plaintiff: None at this time.
>
> Defendants: Issues relating to patent invalidity and antitrust violations (e.g., a resale price maintenance conspiracy), which have not been sufficiently pleaded.

6.500 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501 depositions (excluding experts) to be taken by:

plaintiff(s): 5     defendant(s): 8

6.502 interrogatories to be served by:

plaintiff(s): 20     defendant(s): 20 (per party)

6.503 document production requests to be served by:

    plaintiff(s): 20     defendant(s): 40

6.504 requests for admission to be served by:

    plaintiff(s): 10     defendant(s): 10

6.600 All discovery commenced in time to be completed by:

    November 1, 2008

6.700 Reports from retained experts due:

    from plaintiff(s) by: November 1, 2008

    from defendant(s) by: December 1, 2008

6.80     Supplementations due: Not applicable at this time.

**7.0 Protective Order**

7.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order.

Defendant has submitted a proposed protective order.

7.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Not applicable at this time.

**8.0 Certification Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Plaintiff:

| | |
|---|---|
| Name: | John M. Kiefer, Jr. |
| Title: | President of BabyAge |
| Address: | 360 Stewart Road |
| | Wilkes-Barre, PA 18706 |
| Daytime Telephone: | (570) 706-2450 |

Defendant:

| | |
|---|---|
| Name: | Clyde and Jamie Leach |

Title: President and Vice President of Leachco

Address: 130 E. 10th Street

Ada, OK 74821

Daytime Telephone: (800) 525-1050

**9.0 Scheduling**

9.1 This case may be appropriate for trial in approximately:

_____ 240 Days from the filing of the complaint

_____ 365 Days from the filing of the complaint

  580   Days from the filing of the complaint

9.2 Suggested Date for the final Pretrial Conference:

March 1, 2009 (month/year)

9.3 Final date for joining additional parties:

July 31, 2008 Plaintiff(s)

July 31, 2008 Defendant(s)

9.4 Final date for amending pleadings:

July 31, 2008 Plaintiff(s)

July 31, 2008 Defendant(s)

9.5 All potentially dispositive motions should be filed by:

January 1, 2009

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Not applicable at this time.

**11.0 Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

| | |
|---|---|
| For Plaintiff - | Andrew J. Katsock, III, Esquire<br>15 Sunrise Drive<br>Wilkes-Barre, PA  18705<br>Telephone:  (570) 829-5884 |
| For Defendants - | Gary Peterson, Esquire<br>211 N. Robinson Avenue<br>Suite 450 South<br>Oklahoma City, OK  73102<br>Telephone:  (405) 606-3367 |

Dated:   May 15, 2008          s/Andrew J. Katsock,III
                                              Attorney for Plaintiff

Dated:   May 15, 2008          s/Gary Peterson
                                              Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABYAGE.COM, INC., | ) | |
|     Plaintiff-Counterclaim Defendant, | ) | |
| v. | ) | |
| LEACHCO, INC., | ) | |
|     Defendant-Counterclaim Plaintiff/<br>    Third Party Plaintiff, | ) | No. 3:07-cv-01600-ARC |
| and | ) | (Judge A. Richard Caputo) |
| JAMIE S. LEACH, | ) | |
|     Counterclaim Plaintiff/<br>    Third Party Plaintiff, | ) | |
| v. | ) | |
| JOHN M. KIEFER, JR., | ) | |
|     Third Party Defendant. | ) | |

**PROTECTIVE ORDER**

IT IS HEREBY ORDERED, as follows:

(1) Unless otherwise ordered pursuant to this Order, none of the documents, materials, testimony or information generated or produced during discovery in this action and designated by any party as "CONFIDENTIAL", shall be revealed or disclosed, in whole or in part, or described, in whole or in part, to any person other than:

    (a)    the parties' attorneys who are involved in the prosecution or defense of this action,

    (b)    employees of such attorneys, who are involved in the prosecution or defense of this action,

    (c)    expert witnesses who have been retained or consulted to assist in the prosecution or defense of this action, and

1

      (d)      the trial judge in this action, and administrative personnel of the trial judge's office,

and none of the documents, materials, testimony or information so designated as "CONFIDENTIAL" shall be used by any recipient authorized in subparagraph (a) through (d) above for any purpose other than the prosecution or defense of this action.

      (2)      Documents, materials, testimony or information may be designated by a party as "CONFIDENTIAL" by a written notice to the non-designating party or parties describing the designated documents, materials, testimony or information. Alternately, documents may be designated as "CONFIDENTIAL" by marking a document with the notation "CONFIDENTIAL." Alternately, information and testimony generated during depositions may be designated as "CONFIDENTIAL" by the making of a statement on the record that confidential treatment under this Order is requested. Documents, including transcripts, which have been designated as "CONFIDENTIAL", or which contain information designated as "CONFIDENTIAL", and which are filed with the Court, shall be filed in sealed envelopes bearing the title of the case and the prominently displayed notation: "CONFIDENTIAL: NOT TO BE OPENED EXCEPT BY COURT ORDER."

      (3)      Each party will designate as "CONFIDENTIAL" only those documents, materials, testimony and information which they in good faith believe to be a trade secret or other confidential research, development, or commercial information, or which will cause a party or person annoyance, embarrassment or oppression, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

      (4)      In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand or other process or request seeking disclosure of any document or information designated as "CONFIDENTIAL", such entity or

person shall serve immediate written notice of such request to all parties, together with a copy of such process.

(5) Each recipient authorized by this Order, to whom "CONFIDENTIAL" information, documents, materials or testimony has been disclosed, or is disclosed pursuant to this Order, shall be advised that it is subject to the terms of an order of the Court, and that the sanctions for any violation of the order include the penalties which may be imposed by the Court for contempt.

(6) This Order shall not terminate upon termination of this litigation. Any documents, transcripts or other materials produced by a party and designated as "CONFIDENTIAL," and all copies thereof, shall be transferred to the designating party when the case is closed and not subject to further review, as determined by the Court.

(7) The Clerk is directed to maintain under seal all pleadings, documents and transcripts of testimony filed in Court in this action which have been designated, in whole or in part, as "CONFIDENTIAL" pursuant to this Order.

(8) This Order shall not be modified except after notice and an opportunity to be heard is accorded all parties.

| | |
|---|---|
| Date | UNITED STATES DISTRICT JUDGE |