IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BABYAGE.COM, INC. et al., | ) | |
| | ) | |
|     Plaintiff-Counterclaim Defendants/ | ) | |
|     Third Party Defendants, | ) | No. 3:07-cv-01600-ARC |
| | ) | |
| v. | ) | (Judge A. Richard Caputo) |
| | ) | |
| LEACHCO, INC. et al., | ) | (electronically filed) |
| | ) | |
|     Defendant-Counterclaim Plaintiffs/ | ) | |
|     Third Party Plaintiffs. | ) | |

**BRIEF OF LEACHCO, INC. AND JAMIE S. LEACH IN SUPPORT
OF MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER**

Leachco, Inc. and Jamie S. Leach are seeking leave to file a second amended answer asserting an additional counterclaim against the Plaintiff, Babyage.com, Inc. The proposed new counterclaim asserts false patent marking by Babyage, in violation of 35 U.S.C. § 292.

Under the Court's case management order, motions to amend pleadings were due by July 31, 2008. Doc. 61 at 2, paragraph 5. Although this motion comes 15 days past the deadline, filing of the proposed amended pleading is nonetheless in the interests of justice, because delays by Babyage in responding to discovery were the reason that Leachco and Mrs. Leach could not have asserted this counterclaim any earlier. The Court will recall that these ongoing discovery delays by Babyage were brought to the Court's attention in a conference call with the parties' counsel on July 24, 2008.

1

35 U.S.C. § 292 is a *qui tam* statute that resembles the False Claims Act. The statute that authorizes a lawsuit against anyone who "uses in advertising in connection with any article, the words ... 'patent pending' ... when no application for patent has been made ... for the purpose of deceiving the public ...." The statute provides a penalty of up to $500 for each offense, with the recovery to be split between the plaintiff and the United States.

For the past several years, Babyage has used "patent pending" in the advertising of its Today's Mom Cozy Comfort pillow, which is the pillow accused of patent infringement in the Count 1 counterclaim. For example, Exhibit 1 is a screen shot of a web page from the Babyage storefront website on amazon.com, taken yesterday. Under "Description," Babyage states: "Today's Mom Cozy Comfort is an excellent, patent pending maternity pillow." Exhibit 2 is a screen shot of a web page from the babyage.com website, also taken yesterday. Exhibit 2 makes the same "patent pending" statement as Exhibit 1. Babyage has caused these web pages to be connected to the Internet. As a result, this "patent pending" advertising has been distributed, reproduced and displayed on the home computer screens of many thousands of individuals who have gone to the babyage.com and amazon.com websites. At the very minimum, this patent pending advertising has been reproduced on the home computer screens of everyone who has purchased a Today's Mom Cozy Comfort pillow from these websites.

Subject to certain exceptions not applicable here, pending patent applications are maintained in secrecy by the Patent & Trademark Office. See 35 U.S.C. § 122(a),

Leachco and Mrs. Leach thus had no independent way of determining whether there were any patent applications filed on the Babyage Today's Mom Cozy Comfort pillow. The only means of ascertaining whether the pillow was actually "patent pending" was through discovery in this action. Accordingly, on May 15, 2008, some 2½ months before the deadline for filing amended pleadings, Mrs. Leach sent Babyage an interrogatory asking it to identify "each patent application ... in which you have an ownership interest or under which you are licensed, that discloses or describes a pregnancy pillow." An accompanying document request sought production of any such patent applications, and associated Patent & Trademark Office filings.

Babyage's answers to the interrogatory and document request became due on June 17, 2008. Babyage did not serve timely responses, nor did it seek any extension of time to serve these responses. The undersigned thereafter made numerous telephone calls to opposing counsel, and sent him numerous emails, all seeking to ascertain when Babyage's discovery responses might be served. These emails and telephone calls proved to be fruitless, and resulted in no discovery responses. Finally, on July 17, with Babyage's discovery responses over a month overdue, the undersigned requested a conference call with the Court to discuss Babyage's failure to respond to discovery. This conference call was held July 24, 2008. During the call, Babyage's counsel assured the Court that responses would be in the hands of the undersigned by July 30, 2008.

Babyage's responses were in fact received on Wednesday, July 30, one day before the deadline for motions to amend pleadings. These responses, which included several thousand printed-out emails, took the undersigned a few days to review. In response

3

to the interrogatory about patent applications, Babyage responded "Not applicable." See Exhibit C, answer to Interrogatory No. 3. Babyage made the same response to the corresponding document request. The next Monday, August 4, the undersigned telephoned Babyage's counsel, in order to ask him about this answer. Babyage's counsel returned the call on August 5, and stated that there were no patent applications on the Cozy Comfort pillow. The undersigned pointed out that Babyage's web sites assert that the Cozy Comfort pillow has patent pending status, and asked Babyage's counsel to confirm that the interrogatory answer was correct and that there were indeed no patent applications. Opposing counsel said that he would do so when he met with his client on Friday, August 8. On Tuesday, August 12, the undersigned telephoned Babyage's counsel and left a voicemail message asking about the results of his meeting with Babyage on August 8. The call was not returned. Thursday, August 14, the undersigned once again telephoned Babyage's counsel and inquired about whether there were any patent applications on the Cozy Comfort pillow. Babyage's counsel said that he had positively confirmed that there were no patent applications.

From the foregoing summary of events, it should be evident that we have been diligent in seeking to ascertain the facts needed to assert the false patent marking claim. We were unable to ascertain all of these facts before the July 31 motion to amend deadline only because of Babyage's violation of the discovery rules. It would be unfair to disallow the proposed amendment as untimely under these circumstances, because Babyage itself is responsible for that untimeliness.

The proposed false patent marking counterclaim is closely related to the other counterclaims in the case: it involves the same pillow at issue in the Count 1 patent infringement count, and involves one of same the web sites at issue in the Count 2 false advertising count. The false marking counterclaim will not significantly broaden the issues in the case beyond their existing scope, and will not impact any of the other case deadlines. Leave to file the proposed amended pleading should accordingly be granted.

Respectfully submitted,

s/ Gary Peterson
Gary Peterson
OK 7068
211 N. Robinson Ave., Suite 450 South
Oklahoma City, OK 73102
telephone: (405) 606-3367
fax: (866) 628-0506
email: gp@garypeterson.com

Sean V. Kemether
PA 70816
Kelly Grimes Pietrangelo & Vakil, P.C.
P.O. Box 1048
Media, PA 19063-0848
telephone: 610-565-2669
fax: 610-565-0780
email: skemether@kgpv.com

Attorneys for Defendant and Counterclaim Plaintiffs

CERTIFICATE OF SERVICE

I certify that I electronically transmitted this document to the Clerk using the ECF System so as to cause transmittal of a Notice of a Electronic Filing to the following ECF registrant:

    Andrew J. Katsock, III

Attorney for Defendant, on August 15, 2008.


                                      s/ Gary Peterson